782 F.2d 1042
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
GREAT LAKES CONCRETE POLE CORPORATION, a Michigan
corporation, PAUL J. GOODE and MARY JO GOODE, his
wife, Plaintiffs-Appellants,
v.
R. DOUGLAS EASH, GALE I. EMIG, DAVID A. HUNT, HENRY W.
KIRCHNER, LZ F. LAMORIA, SHELDON G. LEVY, DEL H. MOELLER and
THE DOW CHEMICAL COMPANY, a Delaware corporation, jointly
and severally,Defendants-Appellees.
 83-1464
 United States Court of Appeals, Sixth Circuit.
 12/20/85
 
 BEFORE: CONTIE and WELLFORD, Circuit Judges, and EDWARDS, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendants-Appellees in this civil RICO action have filed a petition for rehearing of our September 17, 1985, per curiam opinion reversing and remanding this case for further proceedings in light of Sedima, S.P.R.L. v. Imrex Co., Inc., 105 S.Ct. 3275 (1985). Petitioners argue that the opinion failed to decide three issues raised below:
 
 
 2
 1. Whether defendant, Dow Chemical Company, can be both the 'person' and the 'enterprise' under 18 U.S.C. Sec. 1962(c).
 
 
 3
 2. Whether defendant Dow Chemical Company can conspire with itself under Section 1962(d).
 
 
 4
 3. Whether shareholders have standing to maintain an action in their individual capacity under RICO for injuries allegedly sustained by their corporation.
 
 
 5
 All three issues were argued to the district court and on appeal.
 
 
 6
 The district court directly addressed the third issue:
 
 
 7
 Insofar as the individual plaintiffs are concerned, the Court determines that they lack standing. The Court construes their role to be now as one having a claim against the corporation, just as other creditors of the corporation. And the case law is settled in that area, that individuals who have a claim against the bankrupt may not themselves pursue others who may be indebted to the bankrupt in one way or another as a result of actions that they had done or failed to do, because the essence is for the corporation to collect whatever it's due from whoever owes it money, so that this money can then be used for the benefit of all creditors. And, although this liability was a non-liability until there was a default and thus not shown on the books of the corporation, once the individual plaintiffs were forced, through the levy of the secured creditor, to make good on the guarantee insofar as the corporate loan is concerned, then their role vis-a-vis the corporation became that as one having a claim against the corporation, which claim would be cognizable in the bankruptcy proceedings. And to allow these plaintiffs to proceed directly would be to in effect allow any similarly-situated creditor to proceed directly; and the bankruptcy laws are designed, among other things, to prevent exactly that type of multiplicity of action and to assure that such recoveries as are made are made by the corporation for the interests of all who have any sort of legitimate claim.
 
 
 8
 See also the district court order granting defendants' motion to dismiss individual plaintiffs 'on the ground that such plaintiffs are not the real parties in interest'.
 
 
 9
 The district court held that the individual plaintiffs, creditors of the corporate plaintiff, lacked standing to maintain this action. We agree that, on these facts, individual shareholders who are also creditors of the corporation, lack standing to bring a RICO claim alleging injury to the corporation where the corporation or a trustee in bankruptcy for the corporation is also a plaintiff in the action. We rely by analogy on this court's recent decision in Warren v. Manufacturers National Bank of Detroit, 759 F.2d 542 (6th Cir. 1985). In Warren, we held that a plaintiff, who was the sole shareholder, an employee, and chairman of a corporation, lacked standing to maintain a RICO action against a bank which allegedly defrauded that corporation, which had been forced into involuntary bankruptcy.
 
 
 10
 Finally, on remand, the district judge should, on proper motion, allow any proper amendment of the plaintiffs' pleadings tendered to allow the case to proceed promptly. The trustee in bankruptcy should be substituted for the bankrupt corporation.
 
 
 11
 The case is accordingly REMANDED, and the petition for rehearing in all other respects is DENIED.